**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIANG YU DONG,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 10-70106<br><br>Agency No. A099-777-045<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2013[**]
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

 Petitioner Liang Yu Dong, a native and citizen of China, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") affirming an

immigration judge's ("IJ") denial of her applications for asylum and withholding

of removal.

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA "conducted its own review of the evidence and law rather than simply adopting the [IJ's] decision. Accordingly, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted). However, the BIA reviewed the IJ's adverse credibility finding under a clear error review, and we therefore "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). Accordingly, we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id*.

Substantial evidence supports the BIA's adverse credibility determination, which was based on "specific cogent reasons" the IJ articulated and the BIA accepted. *See Shrestha v. Holder*, 590 F.3d 1034, 1041-44 (9th Cir. 2010). The BIA determined that the IJ reasonably found Dong incredible based on her nonresponsiveness, the inconsistencies in the record, and lack of detail and specificity, identifying examples in the record. The BIA also determined that the IJ reasonably found implausible Dong's claim that she left China in 2005 because her work unit's family planning office made her have an abortion in 1990 but that she then delayed her departure from China for fifteen years because she was busy working at the very same work unit.

Even if any of the BIA's reasons individually were insufficient to support an adverse credibility determination, collectively they are sufficient under the totality of the circumstances, and the record does not compel an opposite credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007).

The BIA also permissibly found Dong's corroborating evidence insufficient, as a reasonable trier of fact would not be compelled to conclude that additional corroborating evidence, such as a declaration from her husband, was unavailable. *See Shrestha*, 590 F.3d at 1047.

In light of the BIA's determinations regarding Dong's credibility and corroborating evidence, the denial of her asylum application was supported by substantial evidence. Given that Dong has not met the lower standard for asylum, she has failed to meet her burden of proof for withholding of removal. *See Al-Harbi v. INS*, 242 F.3d 882, 888-89 (9th Cir. 2001) (citing *INS v. Stevic*, 467 U.S. 407, 429-30 (1984)).

**PETITION DENIED.**